UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER, | Case No. 1:26-cv-01811-FJS (PC) |
| Plaintiff, | ORDER STRIKING COMPLAINT FOR FAILURE TO COMPLY WITH PAGE LIMITS PURSUANT TO FEBRUARY 24, 2016, STANDING ORDER |
| v. | |
| NEWSOM, *et al.*, | (ECF No. 1) |
| Defendants. | ORDER DIRECTING PLAINTIFF TO FILE COMPLAINT NOT EXCEEDING 25 PAGES |
| | THIRTY (30) DAY DEADLINE |

Plaintiff Timothy Ray Baker ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on March 6, 2026. (ECF No. 1.) Plaintiff's complaint, submitted through the Court's electronic filing pilot program, is 92 pages in length. (*Id.*)

On February 24, 2016, this Court issued a standing order for the United States District Court for the Eastern District of California, Fresno Division, that describes a pilot program the Court and the California Department of Corrections and Rehabilitation ("CDCR") created.[1] Under this pilot program, prisoners in civil rights cases involving conditions of confinement

---

[1] The Court's Standing Order In Re: Procedural Rules for Electronic Submission of Prisoner Litigation Filed by Plaintiffs Incarcerated at Participating Penal Institutions, dated February 24, 2016, with an effective date of March 1, 2016, may be accessed on the Court's website at: https://www.caed.uscourts.gov/caednew/assets/File/Standing%20Order%203-1-16.pdf.

claims electronically file their initial pleadings. As part of this pilot program, CDCR has agreed to collaborate with the Court to obtain and maintain participating penal institutions under the program. Participating penal institutions shall be those institutions that CDCR and the Court agree shall participate in the program. This pilot program is designed to reduce the costs of processing court filings in civil rights cases incarcerated Plaintiffs bring under 42 U.S.C. § 1983. This standing order only applies to initial filings by Plaintiffs, which is defined as the complaint, an application to proceed *in forma pauperis* without prepayment of fees, or a motion seeking relief from this standing order or a motion for emergency relief. At a CDCR participating facility, no initial documents will be accepted for filing by the Clerk of the Court unless (1) done pursuant to the standing order or (2) the scanning equipment is inoperable for a period longer than forty-eight (48) hours. After the initial filings, all other filings shall be mailed and comply with the Local Rules for the United States District Court for the Eastern District of California. The Court will reject initial filings from inmate Plaintiffs who reside at participating institutions and that are not sent through the e-filing procedures, unless the filing fee is paid in full.[2]

Plaintiffs shall provide their complaint and any application to proceed *in forma pauperis* without prepayment of fees to CDCR in conformity with CDCR's procedures for the electronic filing of initial documents, including any applicable procedures for paying for photocopies. Plaintiffs are required to pay for photocopies according to the applicable CDCR policies and procedures. Complaints shall not exceed twenty-five (25) pages in length. Any exhibits attached to a complaint shall count toward this twenty-five-page limit. If a Plaintiff needs to file a complaint longer than twenty-five (25) pages, he or she must submit a motion demonstrating the grounds for the need to exceed the page limitation, along with the proposed complaint, to the Court for permission to exceed the page limit.

As noted, Plaintiff's complaint is 92 pages in length. (ECF No. 1.) A review of the document reveals that the first five pages are written on the Court's standard form for a civil rights complaint by a prisoner, while the remaining pages, labeled as exhibits, are comprised of

---

[2] As the e-filing program has no way of collecting filing fees, inmate Plaintiffs who wish or must pay a full filing fee must submit their initial filings through the United States mail.

additional pages of the complaint.  (*Id.*)  Plaintiff has not included a motion requesting permission to exceed the page limit or otherwise demonstrating grounds for the need to exceed the page limitation.

Based on the above, the Court finds that Plaintiff's complaint violates Federal Rule of Civil Procedure 8(a)'s requirement for "a short and plaint statement of the claim showing that the pleader is entitled to relief" and the Court's February 24, 2016, standing order.  The complaint will therefore be stricken for exceeding the page limitation set by the Court's February 24, 2016, standing order.  The Court will grant Plaintiff the opportunity to file a complaint not exceeding 25 pages in length, including exhibits.

Plaintiff is reminded that his complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his refiled complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended or refiled complaint supersedes the original complaint.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's refiled complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The complaint filed on March 6, 2026, (ECF No. 1), is STRICKEN from the record for failure to comply with the Court's page limitations as set forth in the February 24, 2016, standing order;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff is granted leave to

3

refile his complaint, <u>not to exceed 25 pages in length, including exhibits</u>; and

4.  <u>Plaintiff's failure to file a complaint in compliance with this order will result in a recommendation that this case be dismissed for failure to prosecute, failure to obey a court order, and failure to state a claim</u>.

IT IS SO ORDERED.

Dated:    **April 3, 2026**

_____

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE

4