UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER,<br><br>        Plaintiff,<br><br>   v.<br><br>NEWSOM, *et al.*,<br><br>        Defendants. | Case No. 1:26-cv-01811-FJS (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S OBJECTIONS TO ORDER STRIKING COMPLAINT AS MOTION FOR MISCELLANEOUS RELIEF AND MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 11)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF (ECF No. 11)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE (ECF No. 11)<br><br>ORDER GRANTING PLAINTIFF EXTENTION OF TIME TO FILE COMPLAINT NOT EXCEEDING 25 PAGES<br><br><u>THIRTY (30) DAY DEADLINE</u> |

I.    <u>INTRODUCTION</u>

Plaintiff Timothy Ray Baker ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 3, 2026, the court issued an order striking Plaintiff's complaint for failure to comply with the court's page limitations as set forth in the February 24, 2016, standing order.

(ECF No. 10.) The court granted Plaintiff leave to refile his complaint, not to exceed 25 pages in length, including exhibits. (*Id.*)

II.     PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF

Currently before the court are Plaintiff's objections to the order striking the complaint, filed April 27, 2026. (ECF No. 11.) In the filing, Plaintiff argues that he was in compliance with the requirements of the e-filing program because he followed the instructions of CDCR staff at his institution, who scanned his ninety-three-page complaint, which was inadvertently submitted to the Fresno Division of the Eastern District of California. Plaintiff subsequently mailed a hard copy of the complaint to the Sacramento Division. After the error was discovered, Plaintiff states that he reviewed the requirements of the e-filing procedures and reduced the pages to the allowable number of pages, for a total of forty-five pages. Plaintiff contends that the shortened version of the complaint is what was ultimately submitted to the court. (*Id.*)

Plaintiff then alleges a number of violations of various constitutional rights, apparently in addition to those set forth in the original complaint. These alleged violations include discrimination on the basis of his race, disability, and gender identity, retaliation, being improperly held in the Restricted Housing Unit, and lack of access to courts, among other complaints. Plaintiff therefore requests a variety of relief, including: the return or production of legal documents, restoration of certain legal privileges, temporary and permanent injunctive relief against his current institution related to alleged racial animus and retaliation, an emergency transfer to a different prison, and extensions of time to obtain evidence to challenge his placement in Restricted Housing and to obtain a transfer to a facility that can address his gender dysphoria and other mental health concerns. (*Id.* at 7–9.)

Plaintiff attaches several exhibits related to the initial e-filing of the ninety-three-page complaint, his placement in Restricted Housing, and what appears to be a request for accommodations in this action pursuant to the Americans with Disabilities Act. (*Id.* at 14–22.)

Upon review of the filing, the court construes Plaintiff's objections as a motion for miscellaneous relief. The motion is deemed submitted.

A.   Plaintiff's Complaint Fails to Comply with the Court's Page Limitations

The record contradicts Plaintiff's contention that his complaint abides the court's February 24, 2016, standing order, because he reduced the pages to the allowed forty-five total pages. Plaintiff's March 6, 2026, complaint is ninety-two pages in length, not including the civil cover sheet. (ECF Nos. 1; *see also* ECF No. 11, p. 14.) The complaint also does not contain any request to exceed the court's page limitations. If Plaintiff later reduced the number of pages in the complaint, he did not then submit the shortened version to the court. Accordingly, Plaintiff's objections to the court's order striking the complaint as exceeding the court's page limitations are overruled.

B.   Plaintiff's Requests for Miscellaneous Relief are Denied

Plaintiff's requests for miscellaneous relief, except for his request for appointment of counsel, all amount to requests for various forms of preliminary injunctive relief.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the

Federal right."

Furthermore, the pendency of this action does not give the court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

Plaintiff has not met the requirements for the court to grant injunctive relief. Plaintiff has yet to submit a complaint in compliance with the court's page limitations, and therefore the court has not screened the complaint to determine whether Plaintiff states any cognizable claims or shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no Defendant has yet made an appearance. Thus, the court at this time lacks personal jurisdiction over any Defendants or any other prison staff who might be involved in the custody of his legal materials, his housing classification, or his possible transfer to a new institution.

Further, Plaintiff's vague and unsupported allegations regarding his past and current treatment in prison do not create a sufficient connection to the claims at issue in this action. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.") To the extent Plaintiff believes he may be in danger, or that he has suffered or will suffer further violations of his constitutional rights, he has other avenues of potential relief available to him, including filing a petition for writ of habeas corpus in state court. *E.g.*, *People v. Brewer*, 185 Cal. Rptr. 3d 104, 114 (2015) (a California trial court may grant habeas corpus petitioner's prospective relief to redress recurring, persistent deprivations of prisoners' rights at correctional facilities). The issue is not that Plaintiff's allegations are not serious or that he is not entitled to relief if sought in the proper forum. The issue is that Plaintiff cannot use *this* lawsuit to obtain the relief sought. The seriousness of Plaintiff's allegations concerning feared past or future harm cannot and do not overcome what is a jurisdictional bar. *Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Finally, even assuming the court had jurisdiction to enter an order relating to Plaintiff's classification status or transfer to a new institution, prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred from one facility to another). *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *see also Olim v. Wakinekona*, 461 U.S. 238, 244–45 (1983).

    C.    Plaintiff's Request for Appointment of Counsel is Denied without Prejudice

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The court has considered Plaintiff's request but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners who must litigate their cases without the assistance of counsel.

Moreover, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened or found to state any cognizable claims. Therefore, the Court cannot evaluate the likelihood of success on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

III.    EXTENSION OF TIME TO FILE COMPLAINT NOT EXCEEDING 25 PAGES

Plaintiff's objections indicate that he previously drafted a complaint that complied with the court's page limitations. Despite Plaintiff's objections to the court's April 3, 2026, order directing him to file such a shortened complaint, considering Plaintiff's *pro se* status, and in an abundance of caution, the court finds it appropriate to grant Plaintiff a *final* opportunity to file a complaint in compliance with the court's orders. Within thirty days from the date of service of this order, Plaintiff shall file a complaint not exceeding 25 pages in length, including exhibits.

Plaintiff is reminded that his complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his refiled complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended or refiled complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's refiled complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

IV.    ORDER

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's April 27, 2026, objections, (ECF No. 11), are CONSTRUED as a motion for miscellaneous relief and motion for appointment of counsel;

2.  Plaintiff's motion for miscellaneous relief, (ECF No. 11), is DENIED;

3.  Plaintiff's motion for appointment of counsel, (ECF No. 11), is DENIED, without prejudice;

4.  The Clerk of the Court shall send Plaintiff a civil rights complaint form;

5.  Within thirty (30) days from the date of service of this order, Plaintiff shall refile his complaint, not to exceed 25 pages in length, including exhibits; and

6.  Plaintiff's failure to file a complaint in compliance with this order will result in a recommendation that this case be dismissed for failure to prosecute, failure to obey a court order, and failure to state a claim.

IT IS SO ORDERED.

Dated:    **May 4, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

7