UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| TIMOTHY RAY BAKER, | Case No. 1:26-cv-01811-FJS (PC) |
|---|---|
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| NEWSOM, *et al.*, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE |
| Defendants. | |
| | (ECF No. 12) |
| | FOURTEEN (14) DAY DEADLINE |

I.      BACKGROUND

Plaintiff Timothy Ray Baker ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 3, 2026, the court issued an order striking Plaintiff's complaint for failure to comply with the court's page limitations as set forth in the February 24, 2016, standing order. (ECF No. 10.) The court granted Plaintiff leave to refile his complaint, not to exceed 25 pages in length. (*Id.*) Plaintiff thereafter filed objections to the order striking his complaint, which the court construed as a motion for miscellaneous relief and motion for appointment of counsel. (ECF No. 11.) Plaintiff's motions were denied and the court again directed Plaintiff to refile his complaint, not to exceed 25 pages in length, including exhibits, within 30 days. (ECF No. 12.)

The court expressly warned Plaintiff that his failure to file a complaint in compliance with that order would result in a recommendation that this case be dismissed. (*Id.*) Plaintiff's complaint was therefore due on or before June 8, 2026. Plaintiff failed to refile his complaint or otherwise communicate with the court regarding this action.

II.    FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER

      A.    Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

      B.    Discussion

Here, Plaintiff's complaint, not to exceed 25 pages, is overdue, and he has failed to comply with the court's orders. The court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Yet "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The court's April 3, 2026, and May 5, 2026, orders expressly warned Plaintiff that his failure to file a complaint in compliance with those orders would result in a recommendation of dismissal of this action. (ECF Nos. 10, 12.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the court that would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

III.    CONCLUSION AND RECOMMENDATION

Accordingly, the court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, the court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey court orders and for Plaintiff's failure to prosecute this action.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file

written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." <u>Objections, if any, shall not exceed fifteen (15) pages or include exhibits</u>. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated:   **June 24, 2026**                                         _____

UNITED STATES MAGISTRATE JUDGE

4