UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER, | Case No. 1:26-cv-01811-JLT-FJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE AND REQUEST FOR CHANGE OF VENUE |
| v. | |
| NEWSOM, *et al.*, | (ECF No. 16) |
| Defendants. | |

I.      INTRODUCTION

Plaintiff Timothy Ray Baker ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 3, 2026, the court issued an order striking Plaintiff's complaint for failure to comply with the court's page limitations as set forth in the February 24, 2016, standing order. (ECF No. 10.) The court granted Plaintiff leave to refile his complaint, not to exceed 25 pages in length. (*Id.*) Plaintiff thereafter filed objections to the order striking his complaint, which the court construed as a motion for miscellaneous relief and motion for appointment of counsel. (ECF No. 11.) Plaintiff's motions were denied and the court again directed Plaintiff to refile his complaint, not to exceed 25 pages in length, including exhibits, within 30 days. (ECF No. 12.) The court expressly warned Plaintiff that his failure to file a complaint in compliance with that order would result in a recommendation that this case be dismissed. (*Id.*) On June 24, 2026,

following Plaintiff's failure to refile his complaint or otherwise communicate with the court regarding this action, the undersigned issued findings and recommendations to dismiss this action, without prejudice, for failure to obey court orders and failure to prosecute. (ECF No. 15.) Any objections to the findings and recommendations are due on or before July 13, 2026. (*Id.*)

Currently before the court is Plaintiff's motion to disqualify the undersigned and request for a change of venue, filed July 2, 2026. (ECF No. 16.)

II.    PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE

In a motion directed to Chief United States District Judge Troy L. Nunley, Plaintiff moves for disqualification of the undersigned and assignment of another magistrate judge from the Sacramento Division of the Eastern District of California. (ECF No. 16.) Plaintiff states that he resides in Sacramento[1] and his only family members reside in Sacramento. Plaintiff contends that since he filed his case in the Fresno Division, he has been severely discriminated against, racially profiled, racially retaliated against, and threatened with serious false write-ups in disciplinary reports. Plaintiff alleges numerous examples of racially motivated threats of retaliation from officers and violence from inmates at Kern Valley State Prison ("KVSP"), Plaintiff's current institution. Plaintiff further alleges that he is suffering other forms of retaliation, including denial of communication with his family and the courts, illegal placement in administrative segregation, and other forms of discrimination. Plaintiff generally alleges that the undersigned is racially discriminatory and racially biased. Plaintiff further alleges that the undersigned has "a lot of ties to the Central Valley residents, CDCR employees, Family, Friends, Legal Associates." (*Id.* at 5–6.) Plaintiff requests that the undersigned be replaced with a more "[Neutral] Multi Diverse Magistrate Judge. Due to the [undersigned's] Associations, Affiliations, & Potential Ties to Bakersfield, Kern County, Delano County, residents Including But Not limited to Kern Valley State Prisons Employees." (*Id.* at 8.) "Plaintiff feels he may be racially discriminated against by [the undersigned]." (*Id.*) Plaintiff further contends that the undersigned has deliberately denied Plaintiff's substantive due process rights by holding Plaintiff accountable for failures of KVSP

---

[1] Plaintiff is currently housed at Kern Valley State Prison in Delano, California.

staff who inadvertently scanned too many pages of Plaintiff's initial complaint. (*Id.* at 9.)

A.    Legal Standards

A magistrate judge must disqualify themselves if their "impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . . ."

Under both statutes, the objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (quotation marks and citation omitted); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008).

B.    Analysis

First, although Plaintiff addresses his motion to Chief District Judge Nunley, motions to disqualify a judge pursuant to 28 U.S.C. § 455 must be decided by the judge whose impartiality is being questioned. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (citing *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980)). Similarly, the challenged judge also makes the determination of whether an affidavit filed under 28 U.S.C. § 144 is "sufficient." *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978); *Grimes v. United States*, 396 F.2d 331, 333 (9th Cir. 1968). Accordingly, the undersigned will address Plaintiff's motion.

Plaintiff's allegations of bias or prejudice arise out of the undersigned's rulings in this action and/or conclusory allegations regarding unspecified ties to the local community. Plaintiff's disagreement with the court's rulings in this action is not a legitimate ground for seeking recusal or disqualification. "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *Johnson*, 610 F.3d at 1147 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Furthermore, "[a]dverse findings do not equate to bias." *Johnson*, 610 F.3d at

3

1147. Recusal "is required 'only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding.'" *Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 885 (9th Cir. 1991) (quoting *Toth v. TransWorld Airlines*, 862 F.2d 1381, 1388 (9th Cir. 1988)). There is no evidence, other than Plaintiff's conclusory allegations, that the undersigned's orders were derived from any extrajudicial source beyond the papers and record in this matter. Plaintiff's unsupported allegations of discrimination due to racially motivated bias or unspecified ties to the local community are legally insufficient to establish a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists.

III.    REQUEST TO CHANGE VENUE

To the extent Plaintiff is requesting that his case be transferred to the Sacramento Division or otherwise reassigned to a magistrate judge in the Sacramento Division, the request is denied. Plaintiff's action is proceeding in the Fresno Division of the United States District Court for the Eastern District of California because Plaintiff's complaint alleges violations that occurred at the KVSP in Delano, California. As KVSP is located in the Fresno Division of the Eastern District of California, Plaintiff's action will continue to be heard in the Fresno Division. 28 U.S.C. § 1391(b) ("A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .").

IV.    ORDER

Based on the foregoing, Plaintiff's motion to disqualify magistrate judge and request for change of venue, (ECF No. 16), is DENIED. Plaintiff's objections to the June 24, 2026, findings and recommendations, if any, remain due on or before July 13, 2026.

IT IS SO ORDERED.

Dated:   **July 7, 2026**                                   _____

                                                             UNITED STATES MAGISTRATE JUDGE

4